UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE PRICE,

        Plaintiff,               Case Number: 2:14-CV-11456
                                                  HONORABLE GERALD E. ROSEN

v.

CAMP BRIGHTON,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

### I.

This matter is pending before the Court on the *pro se* civil rights complaint filed by Nicole Price. Plaintiff, an inmate in the custody of the Michigan Department of Corrections, alleges she was exposed to contaminated water while housed at the Camp Brighton facility. She names a single defendant, Camp Brighton. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. She seeks monetary damages. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### II.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is

to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to her indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege (1) the deprivation of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III.

Plaintiff names a single defendant, Camp Brighton.  To state a claim under § 1983, a plaintiff must allege that the claimed federal violation was committed by a person acting under color of state law.  *Flagg Bros.*, 436 U.S. at 155-57.  A state prison facility is not a person or legal entity capable of being sued under § 1983.  *See Poole v. Michigan Reformatory*, No. 09-cv-13093, 2009 WL 2960412, *1 (E.D. Mich. Sept. 11, 2009) (holding that prison facilities are not "persons" or legal entities subject to suit under § 1983); *McGlone v. Warren Correctional Institution,* No. 1:13-cv-126, 2013 WL 1563265, *3 (S.D. Ohio Apr. 12, 2013) (same).

Moreover, Plaintiff fails to satisfy the minimal pleading requirements because basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, plaintiff must make sufficient allegations to give a defendant fair notice of the claim); Fed. R. Civ. P. 8(a).  A complaint must allege each defendant's personal involvement with the alleged violation of federal rights.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 200 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each

defendant).  Moreover, conclusory allegations are insufficient to state a civil rights claim under § 1983.  *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir.2003).  Plaintiff simply states that she was exposed to contaminated water while incarcerated at Camp Brighton.  She alleges no specific injury associated with this exposure nor does she attribute any factual allegations against a particular defendant.  Accordingly, her complaint fails to satisfy the minimal pleading requirements.

### IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  June 9, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

4